UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

UNITED STATES OF AMERICA,       )
                                )
        Plaintiff/Respondent,   )       No. 5:14-CR-37-JMH
                                )       No. 5:18-CV-214-JMH
v.                              )
                                )
ROBERT FRANKLIN FOX,            )       MEMORANDUM OPINION
                                )           AND ORDER
        Defendant/Movant.       )

                    ***   ***   ***   ***

    Movant, Robert Franklin Fox, is a federal inmate. DE #82 (Motion), at 1. On March 30, 2018,[1] Fox filed a *pro se*[2] motion under 28 U.S.C. § 2255. *See generally id.* The United States responded in opposition. DE #88 (Response). With Court permission, DE #91 (Order), the Government later supplemented. DE #90 (Supplemental Response). Fox replied. DE #95 (Reply). On the United States's motion, the Court found that, as to communications necessary to litigate the

---

[1] This filing date reflects the prison mailbox rule. *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (per curiam). Here, Fox affirmed under penalty of perjury that he executed and mailed the motion, per prison mail, on March 30, 2018. DE #82, at 12.

[2] *Pro se* petitions receive a comparatively lenient construction by the Court. *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a *pro se* habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief" (citations and internal quotation marks omitted)).

1

claims of ineffective assistance, Fox waived attorney-client privilege. DE #87 (Order). The matter is ripe for consideration. For the following reasons, the Court fully **DENIES** § 2255 relief (DE #82) and issues **NO** Certificate of Appealability.

## I.  BACKGROUND INFORMATION

On May 1, 2014, a federal grand jury charged Fox with knowingly and intentionally possessing with intent to distribute Oxycodone, in violation of 21 U.S.C. § 841(a)(1). DE #1 (Indictment). Fox pleaded guilty, without a plea agreement, to the lone Count on January 26, 2015. DE #31 (Rearraignment Minute Entry). The Court sentenced Fox on May 26, 2015. DE #44 (Sentencing Minute Entry). Movant received a total prison sentence of 150 months followed by 6 years of supervised release. DE #46 (Judgment). Fox appealed; the Sixth Circuit remanded based on a perceived lack of clarity in the undersigned's Guidelines math or sentencing explanation. *See* DE #64. The Court resentenced Movant on August 1, 2016. DE #70 (Minute Entry). In the hearing, the Court further explained the Guidelines treatment and imposed an identical sentence. *See* DE ##71 (Amended Judgment); 72 (Order). Fox again appealed; this time, the Sixth Circuit affirmed. *United States v. Fox*, 712 F. App'x 486 (6th Cir. 2017). On March 30, 2018, Fox timely

submitted a § 2255 motion to vacate. DE #82. The motion is fully briefed and stands ripe for review. The Court rejects all of Fox's claims. No basis exists for a Certificate of Appealability.

## II.   STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a federal prisoner may obtain post-conviction relief if his sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255(a); *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) ("In order to prevail upon a § 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001))). A defendant alleging a constitutional basis must establish "an error of constitutional magnitude" and show that the error had a "substantial and injurious effect or influence on the proceedings" in order to obtain § 2255 relief. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). When

alleging a non-constitutional error, a defendant must prove that the error constituted a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)); *see also Watson*, 165 F.3d at 488. A § 2255 movant generally must prove factual assertions by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam) ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence.").

## III.    ANALYSIS

In the § 2255 motion, Fox asserts various arguments concerning ineffective assistance of trial counsel (IAC), ineffective assistance of appellate counsel (IAAC), entitlement to an evidentiary hearing, and a recent Fifth Circuit case. The Court evaluates each in turn.

### A.    *Ineffective Assistance of Trial Counsel*

When asserting an ineffective assistance claim, a movant must prove both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Campbell v. Bradshaw*, 674 F.3d 578, 586 (6th Cir. 2012);

4

*Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (noting that a movant must prove ineffective assistance by a preponderance of the evidence).[3] In order to prove deficient performance, a movant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. A movant meets this burden by showing "that counsel's representation fell below an objective standard of reasonableness" as measured under "prevailing professional norms" and evaluated "considering all the circumstances." *Id.* at 687-89. Judicial scrutiny of counsel's performance, however, is "highly deferential," featuring a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id.* at 689.

Deficient performance is considered constitutionally prejudicial only when "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. In order to prove prejudice, a movant "must show that there is a reasonable

---

[3] Movant confusingly phrases his IAC and IAAC arguments as including imbedded due process theories. *See* DE #82, at 4-5. He makes no separate, reasoned Fifth Amendment argument(s), and the Court thus processes the ineffective assistance claims under the well-known *Strickland* rubric. *See also* DE #95, at 1 (Fox agreeing that "the applicable standard is set forth in *Strickland*").

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. When evaluating prejudice, courts generally must consider the "totality of the evidence before the judge or jury." *Id.* at 695. "In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012).[4]

*First*—Fox claims that his counsel at resentencing, Hon. Benjamin Allen, ineffectively failed to argue concerning U.S.S.G. Amendment 798. DE ##82, at 4; 82-1, at 5-10. The United States responded. DE #88, at 3-5. Fox replied. DE #95, at 1-5, 9-14. The amendment, as relevant here, eliminated burglary as an enumerated offense in U.S.S.G. § 4B1.2(a). The change, indeed, went unmentioned at the August 2016 resentencing.

---

[4] *Lafler* was a § 2254 case (as were others this Opinion cites), but the analysis also generally applies to § 2255 theories. *See Winkler v. United States*, Nos. 3:08-cr-014, 3:10-cv-210, 2013 WL 4494971, at *2 (E.D. Tenn. Aug. 20, 2013) (A § 2254 case's "reasoning, nevertheless, applies to cases filed by federal prisoners under 28 U.S.C. § 2255 because §§ 2254 and 2255 are counterparts of each other and the law applicable to one generally applies to the other.").

This argument ultimately falters, at least,[5] on *Strickland*'s prejudice prong. The Sixth Circuit has already, in Fox's very case, rejected the substantive underlying premise of this contention, holding: "Fox's argument that the district court should have applied the Supplement to the 2015 Guidelines Manual fails." *Fox*, 712 F. App'x at 488-89 (explicitly contemplating "Amendment 798"). The Court of Appeals made clear, per a specific analysis, that the undersigned did not err "by applying on remand the 2014 Guidelines Manual that was in effect at Fox's original sentencing, and [by] continuing to classify

---

[5] The Court rejects the United States's discrete timing-dependent argument. *See* DE #88, at 4. The Sixth Circuit has indeed, in an isolated instance, indicated that Amendment 798 "went into effect" on "November 1, 2016," after Fox's resentencing. *United States v. Kennedy*, 683 F. App'x 409, 418 (6th Cir. 2017). That appears to, simply as a factual matter, be wrong. *See, e.g., United States v. O'Connor*, 874 F.3d 1147, 1150 & n.5 (10th Cir. 2017) (noting "Amendment 798" became "effective August 1, 2016" and applying it to an October 4, 2016, sentencing, although also noting "Nov. 1, 2016" in a parenthetical); *United States v. McCalop*, 699 F. App'x 851, 853 (11th Cir. 2017) (stating Amendment 798 "became effective August 1, 2016"); *Mathis v. United States*, No. 1:17CV23 SNLJ, 2017 WL 4280679, at *3 (E.D. Mo. Sept. 27, 2017) ("The effective date of this amendment was August 1, 2016."). The Circuit recognized as much in Fox's own case. *See* 712 F. App'x at 488 (noting that "Amendment 798" became "effective August 1, 2016"). Even if the *Kennedy* panel were correct on the effective date, the (hypothetically forthcoming) Amendment was certainly public knowledge by the date of Fox's resentencing. *See* U.S.S.G., Supplement to Guidelines Manual (Aug. 1, 2016), *available at* https://www.ussc.gov/sites/default/files/pdf/guidelines-manual/2015/GLMSupplement.pdf (last visited July 6, 2018).

Fox as a career offender." *Id.* at 490; *see also* DE #76
(Resentencing Tr.), at 8 (applying "the guidelines that
were in effect at the time of your sentencing").[6] Thus, the
Sixth Circuit has already endorsed application of the pre-
Amendment-798 Guidelines at Fox's 2016 resentencing. Trial
counsel is not ineffective for not raising an argument that
the Court of Appeals deemed meritless. *Ludwig v. United
States*, 162 F.3d 456, 459 (6th Cir. 1998).

   *Second*—Fox argues that Mr. Allen ineffectively failed
"to object to the amount of drugs used to calculate

---

[6] The record is clear that the Court treated Fox as a career
offender. *See, e.g.*, DE #76, at 11 ("He is a career
offender."). However, the record is equally clear that Fox
received a *substantial* break in the sentence he received—
*i.e.*, the undersigned did not *in reality* sentence Fox as a
career offender—due in large part to Mr. Allen's able
lawyering. *See id.* at 8 ("I gave a variance because of what
Mr. Allen said in his allocution[.]"); *see also* DE ##41
(Sentencing Memo.); 42 (Motion for Downward Departure). The
Court did not functionally use the applicable career
offender Guidelines range to define the sentence; instead,
it "departed down five levels and sentenced [Fox] at that."
*See* DE #76, at 11; *see also* DE #52 (Sentencing Tr.), at 15-
16 ("I am going to sentence you not as a career
offender[.]"). The end result is that while Fox's
generalized career-offender-qualification complaints can
theoretically endure, Movant did not actually receive a
sentence in the career-offender range, creating a poor
climate for lawyer criticism and rendering the complaints,
as a practical matter, inconsequential. *See also id.* at 20
(Fox recognizing that the sentencing result "could have
been a lot worse"); *id.* ("First time I have ever heard
anybody complain about getting a break[.]"); DE #72, at 2-3
(clarifying that the Court gave Fox "a five level variance"
and that, thus, Movant was not entitled to a *second*
reduction for acceptance of responsibility); *id.* at 3
("[F]ew people complain about getting a 38 month drop.").

Petitioner's base offense level." DE ##82, at 4 (unnecessary capitalization removed); 82-1, at 13-15. Movant's specific argument is that "the district court should not[] have counted the 'five [unopened] bottles' [of liquid Oxycodone] toward[] the total amount of marijuana for which he was sentenced." DE #82-1, at 13. Fox argues, seeming to parrot footnote 1 of the Presentence Investigation Report (PSR), *see* DE #49, at 4 n.1, that "none of these bottles were analyzed." DE #82-1, at 13. The United States responded. DE #88, at 5-6. Fox replied. DE #95, at 7-8.

As an initial matter, the career offender designation (not the drug quantity) ultimately defined the applicable offense level, meaning that this argument by Fox (relative to the offense level of 26 the PSR assigned based on marijuana equivalency) is really a nullity. *Compare* DE #49, at ¶ 14*, with id.* at ¶ 13. Thus, even if the Court agreed with Movant on this point, the operative offense level still would be 31, leading to no prejudice and thus no § 2255 relief. Nevertheless, due to the ease with which the argument substantively fails, the Court also processes the theory on Fox's terms.

The PSR stated that law enforcement seized 6 bottles labeled as containing "oxycodone liquid"—1 opened, 5

unopened—as part of this investigation. *See* DE #49, at 4 n.1.[7] "According to Kentucky State Police Laboratory Report #2," the opened bottle "tested positive for oxycodone." *See id.* The PSR attributed "an amount of 10 milliliters . . . to be converted to a marijuana equivalency," to each of the 5 unopened bottles. *See id.* Fox did not object to these portions of the PSR during the sentencing process. *See* DE #52, at 7 (Fox stating no personal objections other than the ones his attorney raised, which did not include this specific complaint).

In such a scenario, when "the exact amount of drugs is undetermined, an estimate will suffice, but a preponderance of the evidence must support the estimate." *United States v. Jeross*, 521 F.3d 562, 570 (6th Cir. 2008) (internal quotation marks and alteration removed). "The district court's estimate may be based upon physical evidence (such as seized drugs)" and will withstand review "if it is supported by competent evidence in the record." *Id.*

The Court's treatment here easily passes muster. Even if the exact drug amount in the 5 unopened bottles went undetermined, the Court properly estimated the amount in

---

[7] The Court overruled Fox's objections to the PSR and adopted the PSR as Court findings. *See* DE #44 (Sentencing Minute Entry); *see also Fox*, 712 F. App'x at 487 n.1 (noting reliance on facts "taken from the PSR").

this context. The contents and quantity of the 1 opened bottle (*i.e.*, other seized drugs, which *Jeross* explicitly approved as an estimate source) sufficed under a preponderance standard. It was competent record evidence—indeed, the *only* related evidence. The estimation's "methodology" is not, as Fox speciously argues, "totally opaque," DE #82-1, at 13; rather, the methodology could not have been simpler or more direct.[8] The calculation simply involved extrapolating the known milliliter quantity from 1 bottle to 5 others, identically labeled and seized together. Accordingly, such an objection at sentencing to the drug quantity calculation, as Fox now presses, would have been unsuccessful. Allen was not ineffective for declining to mount a losing argument (which, again, would not have impacted the applicable offense level). *Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial.").

---

[8] *United States v. Webber*, 396 F. App'x 271 (6th Cir. 2010), which Fox twice cites, *see* DE ##82-1, at 13; 95, at 7, is inapposite. There, the district court guessed, providing no factual particulars, and not specifying "whether it applied the principle of erring on the side of caution," that 2,100 pounds of marijuana was "a fair number by a preponderance of the evidence given all the evidence that was submitted at trial." *Id.* at 278-79. There is no such guesswork, generalization, or uncertainty here.

*B.   Ineffective Assistance of Appellate Counsel*

Fox also makes a couple of IAAC claims. "Appellate counsel does not have an obligation to raise every possible claim that a client may have, and counsel's performance is presumed to be effective. Only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of appellate counsel be overcome. To succeed on a claim that appellate counsel performed ineffectively, a petitioner also must demonstrate a reasonable probability that, but for his counsel's unreasonable failure to raise an issue on appeal, he would have prevailed." *Dufresne v. Palmer*, 876 F.3d 248, 257 (6th Cir. 2017) (internal citations, quotation marks, and alterations removed). The familiar *Strickland* standard thus continues to apply. *Kelly v. Lazaroff*, 846 F.3d 819, 832 (6th Cir. 2017); *see also Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013) ("The familiar two-prong test set forth in *Strickland* . . . applies to claims of ineffective assistance of appellate counsel raised in a motion under section 2255.").

*First*—Fox contends that his appellate counsel ineffectively failed "to argue that the District Court erred in denying [a] motion [for a] continuance of [the] [re]sentencing hearing." DE ##82, at 5 (unnecessary

capitalization removed); 82-1, at 16-18. The purpose of a continuance, per Fox, would have been for Allen "to bring" Amendment 798 "to the judge's attention." DE #82-1, at 17. The United States responded. DE #88, at 5. Fox replied. DE #95, at 8-9.

A denial of a continuance "amounts to a constitutional violation only if there is an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay. To demonstrate reversible error, the defendant must show that the denial resulted in actual prejudice to his defense." *United States v. Warshak*, 631 F.3d 266, 298 (6th Cir. 2010) (internal quotation marks removed). The Court did, indeed, deny a motion to continue the resentencing hearing. *See* DE #68 (Order).

Fox makes, at a minimum, no sufficient showing of actual prejudice. As discussed, and as the Sixth Circuit has already determined, Movant's underlying Amendment 798 argument is meritless. Accordingly, an Amendment-798-predicated continuance-denial argument, had appellate counsel raised it, would have failed.[9] *See also Fox*, 712 F.

---

[9] Fox also argues that a continuance would have given Allen an opportunity "to meet with Petitioner to discuss his re-sentencing." DE #82-1, at 2; *see also* DE ##82-1, at 18; 95, at 8-9. Movant, though recognizing his burden, DE #82-1, at 17, identifies no actual prejudice resulting from a generalized complaint about a lack of more time for Allen

App'x at 491-92 & 491 n.5 (discussing, but not perceiving any problem with, the continuance denial). Not raising a baseless appellate argument does not transgress *Strickland*.

*Second*—Fox tosses in a claim that appellate counsel was ineffective concerning the same Amendment 798 issue addressed above. DE #82-1, at 10-12; *see also* DE #95, at 6-7. The Court rejects this IAAC claim for all the reasons previously stated for rejecting the identical IAC argument. Further, appellate counsel did, in fact, raise the Amendment 798 issue. *See* Appellant Brief, at 16, 20-21, *United States v. Fox*, No. 16-6238, ECF No. 24 (arguing that the district court improperly "failed to use the applicable Sentencing Guidelines that were in effect the day of [Fox's] sentencing on August 1, 2016" and that the Amendment "removed Fox's Burglary of a Habitation conviction as a viable § 4B1.1 predicate offense"). The Sixth Circuit disagreed, *Fox*, 712 F. App'x at 488-90 (acknowledging, but rebuffing, Movant's "reli[ance] on . .

---

"to meet with" him prior to resentencing. *See also Fox*, 712 F. App'x at 491-92 (noting that "counsel was familiar with the case because he had represented Fox at the first sentencing" and perceiving "no prejudice" based on the Court's denial of "an adjournment"). The same result attaches if Fox intended to base this argument on the drug quantity issue, *see* DE #90-1, at ¶ 5, which the Court rejected (substantively and otherwise) previously in this Opinion. Mr. Allen, it is again worth noting, earned Fox a substantial break from the applicable Guidelines range.

. Amendment 798"), but that does not render counsel ineffective.[10]

### C.    *Issues Concerning* United States v. Herrold

Next, Fox makes certain suggestions concerning *United States v. Herrold*, 883 F.3d 517 (5th Cir. 2018) (en banc) (holding that "the burglary provisions encoded in Texas Penal Code §§ 30.02(a)(1) and (3) are indivisible" and that "§ 30.02(a)(3) is nongeneric"). *See* DE #82-1, at 19-20. Movant includes the *Herrold*-based arguments under a heading called "**JUDICIAL NOTICE**," not textually as a separate ground for § 2255 relief. *See id*. Nevertheless, Fox "maintains" that "in light of" *Herrold*, his prior Texas conviction for "burglary of a habitation," *see* DE #49, at ¶ 29, "no longer qualif[ies] as a crime of violence" for purposes of § 4B1.2. *See* DE #82-1, at 19. Liberally construed, this is a direct challenge to his career

---

[10] For all the same reasons, appellate counsel was not ineffective for not filing a petition for a writ of certiorari, a claim Fox raises only in reply. *See* DE #95, at 6-7. Additionally, the Court independently rejects issues "raised for the first time in [a] reply brief." *Wright v. Holbrook*, 794 F.2d 1152, 1156 (6th Cir. 1986). Further, "because [Fox] had no constitutional right to counsel at the petition-for-certiorari stage, he cannot state a claim for ineffective assistance of counsel due to his counsel's failure to petition for certiorari." *Nichols v. United States*, 563 F.3d 240, 251 (6th Cir. 2009); *see also, e.g.*, *Barrera-Mendoza v. United States*, No. 1:07-CV-107, 2009 WL 3429810, at *4 (W.D. Mich. Oct. 21, 2009) (collecting cases for this proposition).

offender qualification status. *See id.* at 20 ("Petitioner asks that his career offender enhancement be removed and he be remanded back for resentencing."). The United States briefly responded. DE #88, at 6. Fox replied. DE #95, at 10-14 (continuing to cite and make arguments under *Herrold*).

Fox's *Herrold*-based argument fails for, at the very least,[11] two independent procedural reasons. First, consider

---

[11] Neither party addresses *Herrold*'s retroactive application in these circumstances. The Fifth Circuit decided *Herrold* on February 20, 2018, after Fox's conviction and sentence became final. [The Sixth Circuit affirmed on October 20, 2017. DE #80. There is no indication that Fox petitioned the Supreme Court for a writ of certiorari. Accordingly, his conviction became "final when the time expire[d] for filing a petition for certiorari[,]" *Clay v. United States*, 537 U.S. 522, 525 (2003), 90 days from 10/20/17. *See* Sup. Ct. R. 13(3); *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004). Here, the finality date is January 18, 2018.]

There is limited case law indicating that appellate decisions issued within a year of conviction finality concerning statutory interpretation can be applied retroactively on collateral review of a first § 2255 motion addressing a substantive Guidelines issue. *See, e.g., Oliver v. United States*, 90 F.3d 177, 178-79 & 179 n.2 (6th Cir. 1996) (stating that a prior Sixth Circuit case concerning "the equivalency provision of the sentencing guidelines . . . could be retroactively applied to petitioner's sentence" on § 2255 review: "*Teague* does not bar the retroactive application of caselaw interpreting the federal sentencing guidelines"); *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1187-90, 1193 (9th Cir. 2011) (applying an en banc Ninth Circuit "non-constitutional decision of substantive law" concerning the ACCA "retroactively" on collateral review of a Guidelines issue, but not grappling with the overall constitutional-claim gloss that *Grant* and other cases recognize); *United States*

16

the procedural default doctrine. "Section 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003). The procedural default doctrine bars "claims that could have been raised on direct appeal, but were not[.]" *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). "In the case where the defendant has failed to assert his claims on direct appeal and thus has procedurally defaulted, in order to raise them in a § 2255 motion he also must show either that (1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent." *Regalado*, 334 F.3d at 528. Cause sufficient to excuse default ordinarily consists of "some objective factor external to the defense" that prevented Defendant from raising the issue on direct appeal, "not . . . whether counsel erred[.]" *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The Court may raise this

---

*v. Geozos*, 870 F.3d 890, 898 (9th Cir. 2017). The United States, which only cursorily responded regarding *Herrold*, does not contest the case's theoretical retroactive application, *see* DE #88, at 6, and the Court proceeds assuming that *Herrold*, which, like *Reina-Rodriguez*, also (re)interpreted the ACCA, can, in these particular circumstances, validly apply retroactively. This is merely to say that the Court considered dismissal independently on the discrete basis of potential *Herrold* non-retroactivity, a distinct topic the Government declined to press, but does not ultimately so hold.

doctrine *sua sponte*. *Elzy v. United States*, 205 F.3d 882, 886-87 (6th Cir. 2000); *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005).

The Court holds that Fox procedurally defaulted this direct challenge to his career offender qualification status. He did not address either *Regalado* prong, and the Court sees no basis to conclude either is satisfied in these circumstances. While Fox could not have, based on the timing, raised this specific *Herrold*-based argument on appeal, all *Herrold* purported to do was apply *Mathis v. United States*, 136 S. Ct. 2243 (2016). *See* 883 F.3d at 520-21. *Mathis*, decided on June 23, 2016, existed at the time of Fox's resentencing and subsequent appeal. Movant could have raise *Mathis*-based arguments to any prior conviction's qualification status at resentencing or on appeal, but he chose not to. This litigation decision foreclosed reasoned analysis, in Fox's case, of whether the Texas burglary of a habitation prior actually qualified as a career offender enhancement predicate.

Fox, thus, defaulted this argument, which (at root and in reality) is one raised under *Mathis*. A new court of appeals opinion (from a foreign Circuit, at that), purporting to do nothing more than merely apply the dictates of a Supreme Court case decided prior to a

18

defendant's sentencing and appeal, should not vampirize an ability to raise a topic that the procedural default doctrine would otherwise plainly bar. A contrary holding would result in Fox effectively (and impermissibly) "circumvent[ing] the direct appeal process." *Regalado*, 334 F.3d at 528. Again, it is worth reiterating the Sixth Circuit has already held that the undersigned did not err in "continuing to classify Fox as a career offender" in August 2016, post-*Mathis*. *See Fox*, 712 F. App'x at 490. Further, *Herrold*, from a foreign court of appeals, foundationally does not bind this District or the Sixth Circuit. *See also* 883 F.3d at 535-36 (contrasting the Fifth Circuit's approach with that of the Fourth and Sixth Circuits); *id.* at 545-46 (Haynes, J., dissenting) (same).

Second, and more fundamentally, the Sixth Circuit has squarely held that direct challenges such as Fox's career-offender-qualification (*i.e.*, Guidelines-application) argument are generally not § 2255 fodder. *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). "[N]onconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors amount to something akin to a denial of due process." *Id.* The Court of Appeals's discussion is worth excerpting:

A brief consideration of the policy underlying
collateral review demonstrates that
nonconstitutional errors, such as mistakes in the
application of the sentencing guidelines, will
rarely, if ever, warrant relief from the
consequences of waiver. Given society's
substantial interest in the finality of
judgments, only the most serious defects in the
trial process will merit relief outside of the
normal appellate system. Hence, when a federal
statute, but not the Constitution, is the basis
for postconviction attack, collateral relief from
a defaulted claim of error is appropriate only
where there has been fundamental unfairness, or
what amounts to a breakdown of the trial process.

Accordingly, nonconstitutional errors ordinarily
are not cognizable on collateral review.
Defendants must assert their claims in the
ordinary course of trial and direct appeal. . . .
In those rare instances where the defaulted claim
is of an error not ordinarily cognizable or
constitutional error, but the error is committed
in a context that is so positively outrageous as
to indicate a 'complete miscarriage of justice,'
it seems to us that what really is being asserted
is a violation of due process. Thus, as a
practical matter, collateral relief does exist to
vindicate rights of constitutional import that
may lurk beneath otherwise garden-variety issues
of statutory rights or guideline calculations.

*Id.* (internal citations omitted); *see also, e.g.*,

*Weinberger*, 268 F.3d at 351 (summarizing: "Sentencing

challenges generally cannot be made for the first time in a

post-conviction § 2255 motion."); *Prewitt v. United States*,

83 F.3d 812, 816 (7th Cir. 1996); *Burke v. United States*,

152 F.3d 1329, 1331-32 (11th Cir. 1998).[12]

---

[12] Further, as to the career offender provisions applicable
to Fox, "the advisory Guidelines are not subject to

Fox's direct challenge to application of the career offender enhancement under advisory Guidelines does not rise to the level of a "most serious defect[] in the trial process," a "fundamental unfairness," a "breakdown of the trial process," or an error "so positively outrageous" to indicate "a complete miscarriage of justice." Quite to the contrary, Movant's argument is instead a "garden-variety" complaint about the "guideline calculation" in his case.

Therefore, *Grant*, as well as subsequent and related case law, independently bars the direct career-offender-qualification complaint. *See also Sun Bear v. United States*, 644 F.3d 700, 704-06 (8th Cir. 2011) (en banc) (holding that an attack on career-offender designation is not cognizable under § 2255); *Spencer v. United States*, 773 F.3d 1132, 1135 (11th Cir. 2014) (en banc) (same); *Hawkins v. United States*, 706 F.3d 820, 824-25 (7th Cir. 2013) (same, at least under advisory Guidelines);[13] *United States*

---

vagueness challenges under the Due Process Clause." *Beckles v. United States*, 137 S. Ct. 886, 890 (2017).

[13] An extended excerpt from *Hawkins* is apt here:

> Neither should an erroneous interpretation of the guidelines be corrigible in such a [postconviction] proceeding—especially when the interpretation is discovered to be erroneous after the proceeding in which it was committed has become final through exhaustion of appellate remedies. For in such a case the challenge to the judgment depends on the retroactive application

*v. Foote*, 784 F.3d 931, 932 (4th Cir. 2015) (same); *United States v. Williamson*, 183 F.3d 458, 461-62 (5th Cir. 1999)

> of a new rule (the corrected interpretation), and such retroactivity is disfavored because it thwarts finality in the criminal process. Precedential decisions come pouring out of the federal courts of appeals and the Supreme Court. If every precedential decision interpreting the guidelines favorably to a prisoner were a ticket to being resentenced, the Justice Department and the courts might be forced continually to marshal resources in order to keep in prison defendants whose trials and appeals and sentences conformed to then-existing constitutional and statutory standards. . . . Resentencing is . . . a burden, and the cumulative burden of resentencing in a great many stale cases could be considerable. About 80,000 persons are sentenced in federal district courts every year. In every case the judge must calculate a guidelines sentencing range. A change in the interpretation of a guideline could therefore, if always deemed retroactive, greatly increase both the number of section 2255 motions and the number of resentencings. There is a difference between reversing an error on appeal and correcting the error years later. An erroneous computation of an advisory guidelines sentence is reversible (unless harmless) on direct appeal; it doesn't follow that it's reversible years later in a postconviction proceeding.

706 F.3d at 823-24 (internal citations, quotation marks, and alterations removed). Fifth Circuit precedent at the time of both Fox's sentencings indicated that his Texas prior *did* qualify as a career offender predicate. *See, e.g.*, *United States v. Carrillo*, 421 F. App'x 395, 396 (5th Cir. 2011) ("A Texas conviction for burglary of a habitation . . . constitutes a crime of violence for § 4B1.2 purposes.") (citing cases); *United States v. Uribe*, 838 F.3d 667, 670-71 (5th Cir. 2016) (reaffirming position post-*Mathis*); *United States v. Madrid-Martinez*, 695 F. App'x 743, 745-46 (5th Cir. 2017) (citing cases, post-*Mathis*). *Herrold*, an 8-7 en banc decision, worked significant change in Fifth Circuit law in this area.

(same); *United States v. Trinkle*, 509 F. App'x 700, 701-02 (10th Cir. 2013) (denying § 2255 certificate of appealability because a challenge to "the career-offender sentencing enhancement" was a "nonconstitutional sentencing issue"); *Woods v. United States*, 104 F.3d 361, No. 96-5038, 1996 WL 733127, at *1-3 (6th Cir. Dec. 18, 1996) (table) (rejecting § 2255 argument that certain "prior convictions did not meet the criteria for enhancement under the career offender provision" because, *inter alia*, "Sentencing Guidelines issues are generally not cognizable under § 2255"); *United States v. Purifoy*, Nos. 08-20238, 11-15044, 2014 WL 1672119, at *2-3 (E.D. Mich. Apr. 28, 2014) ("[D]efendant's challenge to his career offender sentencing is not cognizable in this § 2255 motion. . . . Defendant's challenge to the application of § 4B1.1 does not assert the type of 'fundamental unfairness' or 'breakdown of the trial process,' that is cognizable under § 2255." (internal citation removed)); *Williams v. United States*, Nos. 1:10-cr-24, 1:14-cv-201, 2017 WL 4018855, at *4 (E.D. Tenn. Sept. 12, 2017) (recognizing this principle); *Sims v. United States*, Nos. 1:06-cr-68, 1:09-cv-114, 2012 WL 424956, at *9 (E.D. Tenn. Feb. 9, 2012) (same).

The particulars of Fox's sentencing(s) further demonstrate acutely why no harm remediable by § 2255

occurred. As the Court recounted earlier, the undersigned varied significantly below the career offender Guidelines range when sentencing Movant. *See, e.g.*, *Foote*, 784 F.3d at 941-42 (considering a district court's ability "to vary from the career-offender-based sentencing range" as a reason to find no miscarriage of justice). Additionally, contrary to certain suggestions by Fox, *see, e.g.*, DE #95, at 10-11 (referencing the allegedly "unlawful" and "illegal sentence"), the 150 months (12.5 years) Movant received was a lawful sentence, falling well under the 30-year statutory maximum. *See, e.g.*, *Sun Bear*, 644 F.3d at 705-06; *Spencer*, 773 F.3d at 1139-40, 1145; *Zeman v. United States*, 100 F.3d 958, No. 95-6368, 1996 WL 652621, at *2 (6th Cir. Nov. 7, 1996) (table) (finding no "complete miscarriage of justice" when movant received a sentence "less than the statutory maximum" (emphasis removed)).

For these reasons, the Court rejects § 2255 relief on this argument.

   *D.   Evidentiary Hearing*

Finally, Fox seeks an evidentiary hearing. DE #82-1, at 21. As he largely recognizes,[14] the Court must hold one

---

[14] To the extent Fox claims a constitutional right to a § 2255 hearing, *see* DE #82, at 6, he is wrong, as the statute and cases reflect. *See, e.g.*, *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007).

unless "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Further, no hearing is necessary "where the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)) (internal quotation marks removed). Fox's claims do not warrant a hearing; the § 2255 motion filings and record of the case conclusively show, for the reasons stated above, that his claims fail. There are no contested factual issues that justify a hearing. The record, which needs no further development, forecloses relief.

## IV. CERTIFICATE OF APPEALABILITY

A Certificate of Appealability may issue where a movant has made a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). This standard requires a movant to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003) (discussing development of standard). The reviewing court must indicate

which specific issues satisfy the "substantial showing" requirement. *See* 28 U.S.C. § 2253(c)(3); *Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001)). For dismissal on procedural grounds, as to when a Certificate of Appealability should issue, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Movant has not made a "substantial showing" as to any claimed denial of rights; all his claims, for the reasons explained, conclusively fail. Reasonable jurists would not find the Court's determinations debatable. Accordingly, the Court entirely denies a Certificate of Appealability.

## V. CONCLUSION

For the reasons discussed, the Court wholly **DENIES** § 2255 relief (DE #82) and issues **NO** Certificate of Appealability.

This the 11th day of July, 2018.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge