UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5: 14-037-DCR |
| ) | |
| V. ) | |
| ) | |
| ROBERT FRANKLIN FOX, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

Defendant Robert Franklin Fox pleaded guilty to possessing oxycodone with the intent to distribute it and was sentenced to 150 months' imprisonment. His sentence was affirmed on appeal. A later motion to vacate the defendant's sentence pursuant to 28 U.S.C. § 2255 was unsuccessful. Fox also filed a *pro se* motion for compassionate release in April 2020, which was denied. The matter is now pending for consideration of Fox's second motion for compassionate release.

The motion will be denied because Fox has failed to identify any extraordinary and compelling circumstances and because the factors under 18 U.S.C. § 3553(a) do not support a sentence reduction.

I.

Fox entered an open guilty plea to the indictment, which charged him with possessing with the intent to distribute oxycodone in violation of 21 U.S.C. § 841(a)(1). The presentence investigation report ("PSR") designated Fox as a career offender under U.S.S.G. § 4B1.1 and stated that his guidelines range was 188 to 235 months' imprisonment. Fox argued at

- 1 -

sentencing that while he was "technically" a career offender, the Court should vary downward because his predicate convictions were old and one of them occurred when he was 17 years of age. Fox was sentenced to a 150-month term of imprisonment on May 26, 2015, by Senior District Judge Joseph M. Hood.

Fox appealed, arguing that he was not sentenced as a career offender under § 4B1.1 and that the applicable base offense level of 26 should have been reduced by three additional levels for acceptance of responsibility. The Sixth Circuit remanded for resentencing based on a lack of clarity in the sentencing transcript. Judge Hood then reimposed the 150-month sentence on August 1, 2016, explaining that Fox *was* sentenced as a career offender under § 4B1.1. His total offense level was 31 (after three points were subtracted for acceptance of responsibility under U.S.S.G. § 3E1.1) and his criminal history category was VI. The Court then varied downward by five levels from 31 to 26, which when paired with criminal history category VI, produced a guidelines range of 120 to 150 months. The Sixth Circuit affirmed the sentence on appeal.[1]

## II.

A prisoner seeking compassionate release must identify extraordinary and compelling reasons that warrant a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A). The Court also must determine whether a sentence reduction is consistent with the purposes identified in 18 U.S.S.C. § 3553(a). *Id.* If either of these factors is absent, compassionate release is not appropriate. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

---

[1] This matter was reassigned to the undersigned on December 15, 2022. [Record No. 123]

District courts have significant discretion when it comes to defining extraordinary and compelling reasons for compassionate release. *Id.* at 519-20. However, these typically are truly exceptional circumstances like those described in the commentary to U.S.S.G. § 1B1.13 such as a terminal illness, a serious illness that diminishes the movant's ability to provide self-care within the prison, or the death or incapacitation of the caregiver of the movant's minor child. District courts are by no means bound by § 1B1.13, but it is clear that relief under § 3582(c)(1)(A) is appropriate only in unique or rare circumstances. *See United States v. McCall*, 56 F.4th 1048, 1055 (6th Cir. 2022).

Fox first cites his medical conditions, which include high blood pressure, fatty liver disease, hypothyroidism, and an elevated A1C level. He contends that these diagnoses leave him more susceptible to contracting COVID-19 and at a greater risk of developing severe illness should he contract COVID-19. Fox did not tender any medical documentation in support of these claims.

The United States, however, has provided Fox's medical records from the Bureau of Prisons ("BOP"). Physician notes from July 2022 indicate "no hypertension reported." The records include the following blood pressure readings from 2022: 137/84 (January); 137/84 (April); 131/82 (June); 123/72 (July); and 144/77 (July). Fox does not appear to take medication for hypertension and has not pointed to any evidence suggesting this is a severe condition.

Likewise, the medical record makes no mention of Fox's alleged fatty liver disease. His hemoglobin A1C was as high as 6.2 at one point, but was down to 5.9 in April 2022, which is considered prediabetes. David Lukens, M.D. recommended a low-fat, low-cholesterol diet to lower the A1C toward the normal range of less than 5.7  Finally, it was noted throughout

the record that Fox had stopped taking thyroid medication and his thyroid function remained normal despite the absence of medication.

Fox has access to the COVID-19 vaccine. In fact, he has received three doses of the Moderna vaccine. Fox has been fully inoculated and there is nothing to suggest that his medical conditions are not being managed adequately. He has not alleged that any of his conditions are life threatening or that they limit his ability to care for himself. With respect to COVID-19, he "largely faces the same risk . . . as those who are not incarcerated." *See United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). He simply has not identified any medical circumstances that constitute extraordinary and compelling circumstances.

Fox also relies heavily on his rehabilitation while in custody. While it is well-established that rehabilitation alone cannot be an extraordinary and compelling reason for compassionate release, it can be considered along with other factors. *See United States v. Hunter*, 12 F.4th 555, 572 (6th Cir. 2021). Fox reports that he has taken numerous educational courses including a one-year vocational training course and a six-month training course in cabinetry. He has held several skilled jobs and has reduced his recidivism classification to "low."

Although the Court commends these achievements and in no way diminishes Fox's efforts, the undersigned notes that working and completing educational and drug treatment programs while in custody is common. *Id.* at n.10. And despite Fox's assurance that he has "maintained clear conduct," the United States has provided a disciplinary record that indicates otherwise. The record references six separate incidents between April 2016 and March 2020, which include assaulting an officer during a pat-down search, receiving (and keeping) money for another inmate who was on commissary restriction, and being found in possession of a

glove filled with urine. Medical records also reflect that Fox used fentanyl while in custody. Roger Jones, M.D.'s treatment notes indicate that Fox demanded suboxone on April 29, 2022, and stated that he was "going to use today" and would "probably be in SHU within a month." Jones noted that Fox "refused naltrexone and seem[ed] to be drug-seeking." On balance, these circumstances do not support a finding of extraordinary and compelling reasons for a sentence reduction.

Fox next points to family circumstances in arguing in favor of his release. He contends that his mother "is elderly and needs full time care." [Record No. 122, p. 11] He also asserts that his two minor children need special care, as well as a male role model. Fox states that the mother of his children cares for his mother and the couple's two children full-time even though she herself has "just been approved for SSI." He also indicates that his 49-acre farm has gone "under bad" and "is in desperate need of upkeep."

While the Court sympathizes with the defendant's situation, these family and personal circumstances also are common among incarcerated individuals. And by Fox's own account, his significant other is available to care for his mother and his children. While his absence may constitute a burden on his family, he has not identified any facts rising to the level of extraordinary and compelling circumstances warranting a sentence reduction.

Finally, Fox makes a hodgepodge of arguments based on purported changes in the law. Fox argues that he would have received a reduced sentence if he were sentenced after *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019), which held that the guidelines definition of "controlled substance offense" does not include attempt crimes. But Fox's career offender status was not based on an attempt crime, so it is unclear how *Havis* applies. Further, the Sixth Circuit recently announced in *McCall* that nonretroactive legal developments, such as the

decision in *Havis*, do not factor into the extraordinary and compelling analysis. 56 F.4th at 1066.

Fox also complains that his attorney should have argued at resentencing that his prior Texas conviction for burglary of a dwelling no longer qualified as a crime of violence and, therefore, he was not a career offender. Specifically, he cites Amendment 798 to the Sentencing Guidelines, which deleted burglary of a dwelling from the list of enumerated offenses under § 4B1.2. The amendment went into effect on August 1, 2016, the same day as Fox's resentencing hearing.

While Fox failed to make this argument at the resentencing hearing, he raised it on appeal. The Sixth Circuit, however, determined that the district court neither plainly erred nor abused its discretion in applying the version of the guidelines in effect at Fox's original sentencing. [Record No. 80, p. 6] *See United States v. Taylor*, 648 F.3d 417, 424 (6th Cir. 2011) (observing that the district court at resentencing will "apply the Guidelines that were in effect at the time of the defendant's original sentencing"). Fox then filed a motion to vacate his sentence under 28 U.S.C. § 2255 arguing, *inter alia*, that his attorney was ineffective for failing to argue at resentencing that he should not be considered a career offender based on Amendment 798. This Court rejected the argument, observing that the Sixth Circuit had already endorsed its application of the 2014 version of the Guidelines at resentencing. [Record No. 96, p. 8] And to the extent Fox continues to pursue ineffective assistance of counsel claims (which have already been rejected), a motion for compassionate release is not a substitute for a motion to vacate under 28 U.S.C. § 2255. *United States v. Bowlson*, 2022 WL 2913645, at *3 (6th Cir. 2022) (citing *United States v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007)).

## III.

Having concluded that the defendant has failed to identify extraordinary and compelling reasons for release, the Court could stop its analysis here. However, the Court notes that the factors under 18 U.S.C. § 3553(a) also do not weigh in favor of a sentence reduction. Fox contends that he "has served more than enough time to pay his debt to society for being in possession of prescription drugs." Contrary to Fox's insinuation, the opioid epidemic in Kentucky has shown that, when misused, "prescription drugs" such as the oxycodone he possessed with the intent to distribute can be just as dangerous as illicit drugs that do not have a legitimate medical purpose. Fox's crime was very serious, which factors against a sentence reduction.

Next, the sentence previously imposed is necessary to deter the defendant's own criminal conduct as well as that of others who might be inclined to commit similar crimes. While the defendant argues that his §4B1.1 predicates were remote in time, he has consistently engaged in criminal conduct throughout his adult life. Most recently prior to the instant conviction, Fox was convicted of charges in Florida in 2010 that included running from police, lying to police about his identity, and retail theft that involved pushing an employee.

Finally, reducing Fox's sentence would create an increased sentencing disparity amongst offenders convicted of the same conduct. Regardless of what his status would be under the law today, Fox was a career offender when he was sentenced in 2015. The sentencing judge took into consideration Fox's mitigating factors, including his desire to be reunited with his children, and granted him a considerable downward variance. The undersigned remains convinced that a sentence of 150 months' imprisonment is **minimally** sufficient to effectuate the purposes of § 3553(a)(2).

- 8 -

Accordingly, for the reasons outlined above, it is hereby

**ORDERED** that Defendant Robert Fox's motion for compassionate release [Record No. 122] is **DENIED**.

Dated: January 25, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky